Moses Lobe & Co. *v.* Margueritte Bodin, Wife, Etc.

1. A wife cannot be held in her individual property for the debts of her husband, or for those of the community, which have not enured to her separate benefit.

2. Where, however, there has been made to the wife, by the husband, a *dation en paiement* of certain goods in a store, and the wife becoming separate in property, has taken charge of the store and business, and where a creditor of the husband, having in the stock so transferred, merchandise, which had not been paid for, and upon which such creditor claimed a privilege; and where such creditor, being about to seize the said merchandise, the wife to prevent such seizure and quiet her possession and title, compromises with the creditor and agrees to pay part of the debt; held, that the sum thus agreed upon becomes her individual debt, and she is and remains liable therefor.

*Appeal from the Twenty-first Judicial District Court, Parish of St. Martin. Fontelieu, J.*

*A. & R. DeBlanc* for plaintiffs, appellants.

*Mouton & Martin* for defendants.

Moore, J.—This is a suit by the plaintiffs, merchants doing business in the City of New Orleans, against the defendant, a married woman, separated in property from her husband, and doing business in the town of St. Martinsville, as a public merchant, to recover from her the sum of $600.00, with interest, etc. The suit is based on a written confession of judgment by the defendant. The plaintiffs in their petition, allege in substance, that to avoid a lawsuit and

to adjust the differences that existed between them and defendant, they entered into a transaction with her by which she bound herself to pay them said sum, and that she has failed to pay the same.

The defendant resisted the payment of said sum in an answer to plaintiffs' petition, wherein she alleges in substance that since her separation in property from her husband, she, under an erroneous belief and misapprehension of the facts, consented to grant a judgment against herself in favor of plaintiffs, and opposes the confirmation of said confession of judgment, on the following grounds:

1. Because she cannot be made responsible for her husband's debts, nor is she allowed by law to consent thereto.

2. Because said debt is essentially a debt of her husband.

3. Because neither the debt nor the confession of judgment, above mentioned, was of benefit to her or to her estate.

There was a judgment for defendant, dismissing and rejecting plaintiffs' demand at their costs. The plaintiffs have appealed.

It appears by the evidence and the record that the defendant's husband was formerly a merchant doing business in the town of St. Martinsville; that late in the year 1881 he purchased a lot of merchandise from plaintiffs for the sum, in the aggregate, of $952.62, for which he became indebted to them, and which was to be paid at a later day.

The goods so purchased were delivered to her said husband and received by him at his store aforesaid. On the first day of February, 1882, defendant's husband made a *dation en paiement* to his wife, to reimburse her certain amounts of money, her separate and paraphernal property, which he admits therein that he had received and expended for his own use and benefit; in this *dation en paiement* is included all the goods and merchandise, which were at the time in his store. Subsequently, viz: on the 8th day of February, 1882, defendant obtained a judgment of separation of property from her husband, and for a sum of money, subject to the credit of the amount of the *dation en paie-*

*ment* aforesaid. The husband filed his answer in the suit for separation, acknowledging his indebtedness to his wife, as alleged by her in her petition, and submitting to the decree that might be rendered.

It is shown by the evidence that the defendant continued the business of a merchant in the same store where her husband had carried it on, and that part of her stock when this suit was begun consisted of the very goods which plaintiffs had sold to her husband, and for which he had not yet paid them. That when plaintiffs heard of the *dation en paiement*, they sent one of their employees or clerks to St. Martinsville, with instructions to cause suit to be instituted for the attachment or sequestration of the goods then in defendant's store, which they had sold to her husband, as aforesaid, and to enforce against said goods their rights and privilege of vendors. The messenger of plaintiffs, on his arrival at St. Martinsville, employed an attorney-at-law for the purpose of having said proceedings begun and carried out. The proceedings were filed and the order from the clerk of court obtained ; but before proceeding to have the writ executed, at an interview between plaintiffs' attorney, defendant and her attorney, a compromise or amicable settlement of the differences existing between them was effected. By this compromise the defendant obligated herself to pay plaintiffs the amount of money sued for. She accepted service of the petition in this suit, waived citation, admitted that the transaction, compromise or settlement between her and plaintiffs was such as it was alleged to be by plaintiffs in their petition, and confesses judgment in their favor for the amount claimed. The defendant was properly authorized in these proceedings.

It is well settled, as contended for by defendant's attorney; and cannot for a moment be gainsaid, that a wife cannot bind herself for her husband's debts or for those of the community, and that the law on this subject is prohibitory. But does that law apply in the case before us ? Are the plaintiffs in this case seeking to enforce against the wife an obligation into which she has entered with them to pay the debt due by her husband ? If they are,

then the judgment of the lower court ought not to be disturbed. We cannot, after having closely examined the evidence adduced on the trial of this case, assent to the proposition of defendant's attorney, that her obligation is violative of the law upon which she relies in her defense; that it is an obligation to pay a debt due by her husband.

The agreement into which she entered with plaintiffs was a new contract, distinct and separate from that of her husband, by which he had become indebted to them in a larger sum. The consideration of this new contract was not the payment of her husband's preëxisting debt; but it was, that the goods which were then in her store, and under her control and in her possession as a merchant, to be sold in the course of her business for her sole use and benefit, at a profit if possible, should remain securely hers, free from the superior claim upon them set up by the plaintiffs, the only persons who could pretend to any claim whatever upon them superior to hers.

The act done by her was a voluntary one. She was not, nor does she pretend that she so was, induced by fraud, or any undue influence, to make the agreement declared on. She was not led into error by the misrepresentations of either the plaintiffs, or any other persons, in regard to any fact connected with the case, nor does she allege anything of that kind in her defence.

She entered into the agreement declared on and confessed judgment in favor of plaintiffs, in order that her title to the goods and merchandise which she had obtained from her husband should be quieted and put at rest. She bought from plaintiffs, for six hundred dollars, all their rights and privileges, whatever they might have been, upon the goods aforesaid, and obligated herself to pay them that amount. This she did, by way of a compromise with them of the difficulties then impending between them and herself, and then acquired quiet, undisputed and indisputable title to and possession of the property in question.

If ever a wife entered into an obligation or contract that enured to her separate use and benefit, the defendant did so in this case. To allow her to retain the goods and merchandise in ques-

tion, without paying the plaintiffs the money which she has obligated herself to pay, would be to enable and to assist her to enrich herself at the expense of the plaintiffs; and this would be repugnant to the law, to justice and equity. In the case of Jordan & Co. vs. Anderson, 29 La. An. 751, the Court uses this language: " We know of no law, however, and have been referred to none, which exonerates the wife from the obligation to pay for what enures to her separate benefit, or that of her separate property." In Sewell and husband vs. Cox, 10 Robinson La. 72-3. the Court uses the language: " It is well settled that when it is shown that the consideration of the obligation of a married woman, contracted conjointly with her husband, was received to her own use and benefit and has turned to her advantage, and was not a thing which the husband was bound to furnish her with, she is liable and must comply with her contracts; (see also cases referred to in this opinion, 7 Martin La. 488; 7 Martin La. New Series, 64; 10 La. 147) for then she cannot be considered as having bound herself as security for her husband, nor as obliging herself conjointly with him for a debt in which he is alone concerned. Yet it may be true that the debt that was extinguished with the defendant's money was originally contracted by the said plaintiff's husband, but it bore upon the property purchased by the wife; said property was liable to be seized and sold in satisfaction thereof, (as the property was in the case at bar) and her situation was not in any manner made worse by the loan obtained from defendant; on the contrary, *it was bettered, as it gave her a clear title to the property*, and as we found in Twichell vs. Andry, (6 Rob. La. 407) the consideration for which she assumed to pay the debt sued on may be fairly considered as part of the price of property by her acquired at the sheriff's sale. It follows, therefore, that the debt was contracted by the appellant for her private benefit."

In this latter case, from which we quote, a suit was brought on a note for $600.00, with mortgage on certain slaves, separate property of the wife, executed by the husband and wife, the plaintiffs, for money borrowed by the husband from defendant for the pur-

pose of paying a mortgage debt due by him to a minor, his ward, which mortgage bore upon certain property of the husband which the wife had purchased at a sheriff's sale in satisfaction of her claim and judgment against her husband. The holder of the mortgage and note sued out an order of seizure and sale on the note and act, the execution of which was enjoined by the wife on the ground that she could not be held responsible on a note and mortgage given to pay the debt of her husband. The judgment in the case was against the wife. See also 10 Rob. La. 71-2-3; 6 Rob. La. 410; 29 La. An. 751.

Judgment reversed.